```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

BARRY J. BOWEN,

           Plaintiff,

vs.                                    Case No. 2:11-cv-91-FtM-29SPC

WELLS FARGO BANK, N.A.,

           Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Temporary Injunction (Doc. #2) filed on February 24, 2011, and the request for a preliminary injunction contained therein. Plaintiff seeks injunctive relief to prevent any possible sale or encumbrance on the Cape Coral property formerly owned by plaintiff but currently owned by defendant.

**I.**

The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida authorize a court to issue a temporary restraining order without written or oral notice to the adverse party under certain circumstances. Fed. R. Civ. P. 65(b); M.D. Fla. R. 4.05. A temporary restraining order may enter without notice only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result

to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order will be issued only if plaintiff demonstrates: (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest at stake, if any.  See M.D. Fla. R. 4.05(b)(4); see also Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Similarly, issuance of a preliminary injunction is a "drastic remedy" and should not be granted unless the following four prerequisites are established:  (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. Cafe 207, Inc. v. St. Johns County, 989 F.2d 1136, 1137 (11th Cir. 1993).  The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

**II.**

Defendant Wells Fargo Bank, N.A. brought a foreclosure action in the Twentieth Judicial Circuit Court in and for Lee County, Florida, and was granted judgment, title, and possession to plaintiff Barry J. Bowen's residence in Cape Coral, Florida. Defendant has listed the property for sale or has taken action demonstrating an intent to sale, although plaintiff does not indicate when this may occur. The Affidavit of Barry J. Bowen (Doc. #2-1) has been filed in support stating that he relied on representations by defendant. Plaintiff asserts in his Complaint (Doc. #1) that defendant committed fraud in procuring the foreclosure judgment and possession of his residence.

As an initial matter, plaintiff has failed to allege any imminent harm such that notice and an opportunity to be heard should not be provided to defendant. Also, no certification is provided by counsel of efforts to provide notice. There is no set sale date provided, and defendant is clearly aware of plaintiff's allegations in light of the underlying proceedings. E.g., Doc. #2-1, ¶ 14 (plaintiff filed an emergency Writ of Mandamus with the Second District Court of Appeals that was denied). Plaintiff argues irreparable harm because he was denied a request to set aside the foreclosure judgment, however, clearly plaintiff has adequate remedies available through the state court system, including an appeal to the district court of appeals.

The Complaint, as currently filed, is also inadequate to support a likelihood of success on the merits. Jurisdiction is premised on the presence of diversity jurisdiction. (Doc. #1, ¶ 6.) "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)[1](citations omitted). Residency is not sufficient to establish diversity. Jagiella v. Jagiella, 647 F.2d 561, 563 (5th Cir. Unit B 1981). Plaintiff only alleges that he is a "resident" of Lee County, Florida. To the extent that the fraud claims in Count I may be construed as based on a federal statute, the Complaint is not sufficiently specific[2] as to the claim coming within the Court's federal question jurisdiction, and simply references "15 U.S.C. 1692c." (Doc. #1, ¶ 31.) Therefore, the Complaint will be dismissed for lack of jurisdiction, without prejudice to amending pursuant to Title 28, United States Code, Section 1653. The request for a temporary restraining order will be denied.

As the Court finds that the Complaint does not currently provide jurisdiction, the request for a preliminary injunction will also be denied.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] The Court notes that Count I also appears to lack the necessary specificity required by Fed. R. Civ. P. 9(b).

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion for Temporary Injunction (Doc. #2) is **DENIED**. The request for a preliminary injunction contained therein is also denied as the Complaint is due to be dismissed.

2.  The Complaint (Doc. #1) is **dismissed** without prejudice for lack of jurisdiction. Plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of this Order if federal jurisdiction can be adequately pled.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of February, 2011.

```
                              _____
                              JOHN E. STEELE
                              United States District Judge
```

Copies:
Counsel of record