UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARRY J. BOWEN,

        Plaintiff,

vs.                                    Case No. 2:11-cv-91-FtM-29SPC

WELLS FARGO BANK, N.A.,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #19) filed on May 2, 2011. Plaintiff filed a Response in Opposition (Doc. #22) and defendant filed an unauthorized[1] Reply (Doc. #23), which the Court will nonetheless consider.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co.

---

[1] As authority, defendant cites Local Rule 7.1. The Middle District of Florida has a Local Rule 7.01 for admiralty and maritime cases, but no Local Rule 7.1.

v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Alternatively, dismissal is warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court may take judicial notice of matters of public record without converting a Rule 12(b)(6) to a Rule 56 motion. Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376 (11th Cir. 2010).

**II.**

On March 2, 2011, plaintiff Barry J. Bowen (plaintiff or Bowen), through counsel, filed an Amended Complaint against Wells

Fargo Bank N.A. (defendant or Wells Fargo).[2]  Taking all the allegations as true, the following facts are set forth:

Plaintiff owned a residence in Cape Coral, Florida (the Property) (Doc. #5, ¶ 16), and Wells Fargo owned the Promissory Note and mortgage securing the funds that plaintiff used to refinance the Property. (Id., ¶ 17.)  In late 2009, while current with payments, plaintiff contacted Wells Fargo to discuss a loan modification due to a change in personal circumstances. (Id., ¶¶ 18-19.)  Wells Fargo responded that they would only consider the matter if he was 90 days past due on his payments, and instructed him to stop making his payments. (Id., ¶ 20.)  Plaintiff complied, but shortly after the 90 days past due date, and before he could apply for a loan modification program, Wells Fargo initiated foreclosure proceedings. (Id., ¶ 21.) Plaintiff was then told by Wells Fargo to send a hardship letter and seek a stay of the foreclosure proceedings.  Plaintiff sent the letter, and did not file an answer to the foreclosure proceedings because Wells Fargo told him not to do so.  Plaintiff also did not hire an attorney because Wells Fargo told him one was not needed. (Id., ¶¶ 22-24.) A Default (Doc. #19-2, Exh. B) was entered in state court on April

---

[2]On February 25, 2011, the Court issued an Opinion and Order (Doc. #4) dismissing the underlying Complaint without prejudice for lack of jurisdiction, with leave to amend.  The Amended Complaint pleads jurisdiction on the basis of diversity and the presence of a federal question.  The Court is satisfied that federal jurisdiction is adequately alleged in the First Amended Complaint.

30, 2010. Plaintiff provided paperwork requested by Wells Fargo, and upon calling to ensure receipt, plaintiff learned from Wells Fargo that it had sold the house at a foreclosure sale on August 16, 2010, to itself. (Doc. #5, ¶¶ 25, 30.) The Final Summary Judgment of Mortgage Foreclosure (Doc. #19-3, Exh. C) in state court was issued on July 16, 2010, for $180,450.98, with a public sale to occur on August 16, 2010.

Plaintiff found a Notice posted on his door that he had to vacate no later than January 20, 2011. On January 19, 2011, plaintiff hired counsel but was unsuccessful in blocking his eviction. Plaintiff was duly evicted the next day, with the Lee County Sheriff's Office appearing at 9:00 a.m. to instruct him to vacate within the hour. (Doc. #5, ¶¶ 32-34.) Real estate agents and movers "descended upon Bowen's home" to place his remaining personal property in bags and leave them on the edge of the property, and plaintiff was prohibited from setting foot on the property. (Id., ¶¶ 35-36.) Plaintiff's emergency petition for writ of mandamus was denied on January 21, 2011. Bowen v. Wells Fargo Bank, N.A., 56 So. 3d 2 (Fla. 2d DCA 2011). (Doc. #19-4, Exh. D.)

Count I alleges a claim under the Fair Debt Collection Practices Act (FDCPA) for false, deceptive, and misleading representations made in connection with collection of the debt, and seeks rescission of the Circuit Court Judgment, title to the

Property, damages in the amount not less than $240,000, and fees and costs. Count II alleges a claim under common law fraud, and seeks rescission of the Circuit Court Judgment, title to the Property, damages in the amount of $240,000, and attorney fees and costs. Count III alleges a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), and seeks damages in the amount of $240,000, punitive damages, and attorney fees and costs. Count IV alleges a breach of contract, and seeks damages in the amount of $240,000, punitive damages, and attorney fees and costs.

### III.

Defendant argues that the Court lacks jurisdiction pursuant to the Rooker-Feldman[3] doctrine and that the claims are otherwise barred by *res judicata*. Defendant further argues that it is not a "debt collector" under the FDCPA as a mortgage holder, the claim of fraud is not pled with the requisite specificity, national banks are expressly exempted from the scope of FDUTPA, and that the breach of contract claim fails to state a claim.

**A. Jurisdiction/Rooker-Feldman**

Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 130 S. Ct. 2869, 2877 (2010); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010). "[A] court must first determine whether it has

---

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); see also University of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

"The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). This is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Lance v. Dennis, 126 S. Ct. 1198, 1201 (2006)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); Casale, 558 F.3d at 1260. The Eleventh Circuit has focused on this language as delineating the boundaries of the Rooker-Feldman doctrine. Green v. Jefferson County Comm'n, 563 F.3d 1243, 1249-50 (11th Cir. 2009), cert. denied, 130 S. Ct.

199 (2009); <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1274 (11th Cir. 2009). The <u>Rooker-Feldman</u> doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

<u>Parker v. Potter</u>, 368 F. App'x 945, 948 (11th Cir. 2010)(quoting <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, [ ] or it succeeds only to the extent that the state court wrongly decided the issues. <u>Casale</u>, 558 F.3d 1258 at 1260(internal quotation marks and citations omitted).

In the instant case, the parties are the same as the parties in the state court action, and the state court foreclosure ruling was a final judgment on the merits. There is no indication of a direct appeal of the state court judgment, but the Florida District Court of Appeals denied an emergency writ of mandamus to stop the foreclosure. Based on the allegations in the Complaint however, it is not clear that plaintiff had a reasonable opportunity to raise his claims in the state court before the entry of the final judgment. Additionally, with certain allegations stricken (discussed below), there is no indication that the issues raised in

this federal case were adjudicated by the state court, or that they were inextricably intertwined with the foreclosure judgment.

Plaintiff argues that he is seeking compensatory damages, and not seeking to review or overturn the state court foreclosure action or to have the property returned to him. (Doc. #22, ¶ 1.1.) Rescission of the state court judgment and return of title to the property are sought as remedies in Counts I and II. Such relief would only be available if the federal court were to invalidate the state court judgment, which it clearly does not have the jurisdiction to do. Therefore, the Court will strike the requests for rescission and title to the Property in the Wherefore clauses for Counts I and II. The motion to dismiss on the basis of the Rooker-Feldman doctrine is otherwise denied.

**B. Res Judicata**

To show res judicata, or claim preclusion, "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). "While claim preclusion bars relitigation of the events underlying a previous judgment, it does not preclude litigation of events arising after the filing of the complaint that

formed the basis of the first lawsuit." <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 139 (2d Cir. 2000).

It is undisputed that a state court of competent jurisdiction issued a final judgment on the foreclosure of the Property, and that both cases involved the same parties. This federal case, however, does not advance the same causes of action as in the state case. The issues in this federal case stem from the foreclosure, in that plaintiff asserts that Wells Fargo's actions and misrepresentations led to the foreclosure, but the claims are separate from the foreclosure. "Whether failure to bring a compulsory counterclaim in a prior state court proceeding bars a diversity action on that claim in a federal district court, depends upon state law." <u>Montgomery Ward Dev. Corp. v. Juster</u>, 932 F.2d 1378, 1380 (11th Cir. 1991).[4] A compulsory counterclaim must be pled "provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." Fla. R. Civ. P. 1.170(a). <u>See also</u> Fed. R. Civ. P. 13(a). In this case, plaintiff's claims arise from the alleged oral agreement and not from the foreclosure proceeding itself. The Court finds that plaintiff's claims do not pass the <u>Londono</u>[5] test, and therefore the

---

[4]The Court notes that the Complaint is premised on diversity jurisdiction and the presence of a federal question.

[5]The test for determining whether a claim is compulsory is:

[A] claim has a logical relationship to the original
(continued...)

claims were not compulsory and are not deemed waived. See, e.g., Aguilar v. Southeast Bank, N.A., 728 So. 2d 744, 746 (Fla. 1999)(finding that at the time defaults occurred, no information was available to assert a compulsory counterclaim and therefore the logical relationship test in Londono was not met). The motion to dismiss based on res judicata will be denied.

**C.  FDCPA**

Count I alleges that defendant violated the federal Fair Debt Collection Practices Act (FDCPA). In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits, *inter alia*, debt collectors from using "any false, deceptive, or misleading representation or means in

---

[5](...continued)
claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

Londono v. Turkey Creek, Inc., 609 So. 2d 14, 20 (Fla. 1992)(citing Neil v. S. Fla. Auto Painters, Inc., 397 So. 2d 1160 (Fla. 3d DCA 1981)). The Court does not find the same operative facts are at issue in both claims, even if plaintiff's claims arose as a result of the original claim coming to fruition.

connection with the collection of any debt." Id. § 1692e. The FDCPA provides for a civil cause of action to enforce its provisions, with debt collectors who violate the Act liable for actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(1)-(3)).

A "debt collector" is defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). A "debt collector" does not include

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F). Defendant argues that a mortgage holder or servicer is not a debt collector.

At this stage of the proceedings, the Court cannot determine if Wells Fargo is excluded from the definition of a debt

collector.⁶  The Eleventh Circuit has not addressed the issue. Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009)(finding it unnecessary to decide the issue).  Therefore, the motion to dismiss will be denied.

**D. Fraud**

In alleging fraud, plaintiff must show that Wells Fargo (1) knowingly made a false statement of material fact or concealed a material fact; (2) intended to induce plaintiff to act on the statement; (3) that plaintiff relied on the statement; and (4) that plaintiff suffered damages as a result of the reliance. Palm Beach Roamer, Inc. v. McClure, 727 So. 2d 1005, 1007 (Fla. 5th DCA 1999). Federal Rule of Civil Procedure 9(b) requires fraud allegations to be plead "with particularity."  Fed. R. Civ. P. 9(b).  "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  "Particularity means that a plaintiff must plead facts

---

⁶The Court notes that Wells Fargo is represented by the Florida Default Law Group, P.L., who sent plaintiff a letter with a Notice stating "Florida Default Law Group, P.L. is a debt collector.  This Firm is attempting to collect a debt, and information obtained may be used for the purpose." (Doc. #19-1, p. 6.) See also Heintz v. Jenkins, 514 U.S. 291, 298 (1995)(attorneys or law firms who regularly engage in consumer-debt-collection activity falls under the FDCPA).

as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006)(citations and internal quotations omitted). See also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when[,] where, and how: the first paragraph of any newspaper story." Garfield, 466 F.3d at 1262 (citations omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), cert. denied, 127 S. Ct. 42 (2006).

Plaintiff alleges that Wells Fargo intentionally provided Bowen information that it knew was not true, and/or that it withheld material information, so that Bowen would not resist the foreclosure. Bowen reasonably relied on the misstatement, and but for the misstatement would not have taken the same action. Bowen's reliance on the factual misstatement caused damages as a result of the fraud. (Doc. #5, ¶¶ 42-47.) While Count II does not specifically incorporate any of the factual allegations of the "Facts and Background" section, pleadings must be construed "so as to do justice," Fed. R. Civ. P. 8(e). So construed, it is apparent that the Facts and Background" section applies to all counts. So

construed, Count II sufficiently pleads fraud with the requisite specificity. The motion to dismiss will be denied.

**E. FDUTPA**

"A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." City First Mortg. Corp. v. Barton, 988 So. 2d 82, 86 (Fla. 4th DCA 2008)(internal citations and quotation omitted). See also KC Leisure, Inc. v. Haber, 972 S. 2d 1069, 1073-74 (Fla. 5th DCA 2008). Defendant argues that national banks are expressly exempted from FDUTPA. Indeed, Florida Statute Section 501.212(4)(c) excludes any person or activity regulated under laws administered by banks and savings and loan associations regulated by federal agencies. Wells Fargo states that it is a national bank, however the status of Wells Fargo as an FDIC insured bank cannot be determined by a review of the allegations in the First Amended Complaint alone. Fla. Office of the AG, Dep't of Legal Affairs v. Commerce Commercial Leasing, LLC, 946 So. 2d 1253, 1257 (Fla. 1st DCA 2007). Therefore, the motion to dismiss will be denied.

**F. Breach of Contract**

In Count IV, plaintiff alleges that Wells Fargo made an offer to modify the loan, conditioned upon Bowen being at least 90 days in arrears, and that he accepted the offer, stopped payments, and provided all requested financial information. Plaintiff further

alleges that Wells Fargo gave consideration by promising to forebear the legal right to foreclose on the property, and in return, plaintiff followed the instructions of Wells Fargo not to protect his legal rights in the foreclosure action. Plaintiff alleges that he relied upon Wells Fargo's promises to his detriment, he has no adequate remedy at law, and that Wells Fargo was unjustly enriched by the breach of the "quasi contract". (Doc. #5, ¶¶ 51-56.) Defendant argues that plaintiff's claim fails because there is no written agreement, and Florida Statute Section 687.0304(2) prohibits a debtor from maintaining an action on a credit agreement unless it is in writing. Defendant further argues that failing to defend is not sufficient consideration, and that the agreement would violate the statute of frauds.

"The elements of a cause of action for a quasi contract are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred[;] and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." Am. Safety Ins. Serv., Inc. v. Griggs, 959 So. 2d 322, 331 (Fla. 5th DCA 2007)(citations omitted). Plaintiff may recover where defendant received something of value or benefitted from the service supplied, but plaintiff must show he "directly conferred a benefit" on defendant. Id. (citations omitted). Forebearance from

pursuing a legal remedy constitutes valid consideration. <u>Citibank Int'l v. Mercogliano</u>, 574 So. 2d 1190, 1191 (Fla. 3d DCA 1991). A creditor's forebearance to sue cannot be consideration, however, if the creditor gains nothing and suffers a detriment by such a forebearance. <u>S. Miami Hosp. Foundation v. Hernandez</u>, 455 So. 2d 1103, 1104 (Fla. 3d DCA 1984).

"Florida's Banking Statute of Frauds," Florida Statute Section 687.0304, states in relevant part:

> (2) Credit agreements to be in writing.--A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
>
> (3) Actions not considered agreements.--
>
> (a) The following actions do not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of subsection (2):
>
> 1. The rendering of financial advice by a creditor to a debtor;
>
> 2. The consultation by a creditor with a debtor; or
>
> 3. The agreement by a creditor to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under prior credit agreements, or extending installments due under prior credit agreements.

Fla. Stat. § 687.0304(2), (3). Thus, "Section 687.0304, Florida Statutes (2007), requires that a borrower may not take legal action on an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation unless the agreement is in writing,

-16-

expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd., 45 So. 3d 897, 903 (Fla. 3d DCA 2010)(internal quotations omitted).  No such writing is alleged in this case.  Additionally, plaintiff is seeking monetary damages, not equitable relief, based on a breach of the oral promise, and such a claim is generally barred by the statute of frauds.  Ala v. Chesser, 5 So. 3d 715, 719-20 (Fla. 1st DCA 2009).  The motion to dismiss on this basis will be granted.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #19) is **GRANTED** as to Count IV, and is otherwise **DENIED**.  The requests for rescission and title to the Property in the Wherefore clauses of Counts I and II are **stricken**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of August, 2011.

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record